courts would be unduly burdened with litigation. No harm can come to the property or funds of the municipal corporation by the threatened action of the superintendent of buildings with respect to approving the plans in question. If he should approve the plans, and if that would be illegal, then his act would be a nullity, and it would not authorize the erection or alteration of the building in accordance with the plans, and such erection or alteration may be enjoined at the instance of an abutting property owner, or of the owner of property in the neighborhood, whose property rights will or may be affected by the illegal structure. Moreover, doubtless a writ of mandamus would issue to some official whose duty it is to prevent the erection of illegal structures or to prevent and abate nuisances to compel him to perform his duty in case he should fail to perform it. There is, however, I think, on the facts presented, no ground for a taxpayer's action. If funds were to be disbursed or property were to be purchased or disposed of illegally, doubtless it might be presumed on the illegality of the threatened action that the municipal funds or property would be injuriously affected; but the act here threatened, if conceded to be illegal, gives rise to no such presumption.

Therefore in my opinion the court properly denied the application for a temporary injunction, and vacated the injunction issued restraining the defendant from approving the plan pending the determination of the motion for a temporary injunction.

---

### FOX v. AUTOMATIC VAUDEVILLE CO. et al.

(Supreme Court, Appellate Division, First Department. November 18, 1910.)

Appeal from Special Term, New York County.

Action by William Fox against the Automatic Vaudeville Company and others. From an order granting an injunction restraining defendants from acting on any approval of plans by the Superintendent of Buildings of the Borough of Manhattan of New York City, the named defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Seldon Bacon, for appellant.
A. S. Gilbert, for respondent.

PER CURIAM. Order appealed from affirmed, with $10 costs and disbursements, upon the opinion in Brill v. Miller (decided herewith) 125 N. Y Supp. 865.

LAUGHLIN, J., dissents.